UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL K WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SISKIYOU COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-07861-JSC<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Petitioner, a detainee at Napa State Hospital who is proceeding without an attorney, filed a petition for a writ of habeas corpus. The Court also received from Petitioner a "Notice of Evidence," a "Notice of Lawsuit," and a "Surety Letter of Intent Draft by a Security by a Surety." (ECF Nos. 4, 7, 9.) On January 5, 2023, the Clerk sent Petitioner a notice to file his petition on the Court's form habeas petition. Along with the notice, the Clerk sent him the form petition, instructions for completing the form, and a stamped return envelope. The notice indicated the case would be dismissed if he did not file the form petition within 28 days. Petitioner has not filed a form petition. Instead, he filed an amended petition that is not on the form, exhibits, and a petition for a writ of mandate to the United States Court of Appeals.[1] (ECF Nos. 10, 11, 13.)

**DISCUSSION**

I.　Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It

---

[1] The Court of Appeals denied the petition. (ECF No. 13.)

1  shall "award the writ or issue an order directing the respondent to show cause why the writ should
2  not be granted, unless it appears from the application that the applicant or person detained is not
3  entitled thereto." *Id.* § 2243.

II. <u>Legal Claims</u>

The allegations in the original and amended petitions are not comprehensible. Petitioner's first claim refers to the "National Statutory Requirements of the Treasury Department," the "Foreign Commercial Debtor Prison System of Servitude," "undisclosed SERVITUDES," and the "Universal Commercial Code" without explaining these terms or how they render his present custody a violation of federal law. (ECF No. 10 at 2-3.) The second claim states that he is "the Lawful Federal Government Citizen Owner" of his "Certificate of Live Birth" and an "American born free Federal citizen and non-commercial," and he refers to a "right of expatriation," the "Foreign Banking Commercial UCC: Paper BAR Courts," and a due process violation stemming from the "tax exempt status" claimed by "for profet [sic] Foreign UCC Commercial Gov't Banking/Trust Companies." (*Id.* at 3-4.) None of these allegations form a coherent or understandable claim.

Petitioner has also not provided even the most the basic information required to decide the petition, such as the date, court, or terms of any conviction, sentence, or commitment decision that he means to challenge. Had he filed the form petition provided to him as instructed, the Court would have this information and be able to determine whether he may proceed in this Court with a habeas petition and whether he has claims that can be reviewed and decided by the Court. As he has not done so despite receiving a copy of the forms, instructions, paid postage, ample time, and a caution that the case would be dismissed if he did not. He has also not requested an extension of time or shown cause for being excused from using the form petition. Consequently, the case must be dismissed.

This dismissal will be without prejudice, meaning that if Petitioner wishes to challenge the fact or duration of his confinement by challenging the conviction, sentence, or civil commitment decision that led to his present confinement, he may do so by filing in a new case a petition for a writ of habeas corpus on the Court's form habeas petition. If Petitioner instead wants to challenge

2

some condition of his confinement that he believes violates his rights under federal law, such as his involuntary medication (*see* ECF No. 1 at 1), he may do so by filing a civil rights complaint under 42 U.S.C. § 1983 using the Court's form civil rights complaint. Either of these forms, along with instructions and paid return envelopes, can be obtained by mailing a request to the Clerk's Office of the Court.

## CONCLUSION

For the foregoing reasons and for good cause shown, this case is DISMISSED without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 6, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

3